UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., <br><br> Plaintiff, <br><br> v. <br><br> SAN DIEGO CENTRAL JAIL; CORPORAL SAUNDERS; DEPUTY TORRES; SAN DIEGO COUNTY SHERIFFS <br><br> Defendant. | Civil No. 13CV1133-WQH (BGS) <br><br> **REPORT AND RECOMMENDATION: TO GRANT DEFENDANTS' MOTION TO DISMISS** <br><br> [Doc. Nos. 9, 12] |

## I. Introduction

On May 10, 2013, David B. Turner Jr. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. sec. 1983. The complaint named Does and the San Diego Central Jail as Defendants. (Doc. No. 1.) On June 25, 2013, Plaintiff filed an amended complaint containing three claims of alleged Constitutional violations for incidents that occurred on March 21 and 22, 2013, as well as on April 7, 2013.[1] The alleged incidents occurred while Plaintiff was incarcerated at San Diego Central Jail. (Doc. No. 7.) In this amended complaint, Plaintiff named Corporal Saunders and Deputy Torres as Defendants in

---

[1] On the third claim, Plaintiff mistakenly includes two different dates on his complaint, April 2, 2013 and April 7, 2013. This court believes April 7 is the correct date.

1

replacement of Does. (Doc. No. 11.) Plaintiff served Corporal Saunders and Deputy Torres on July 25, 2013. (*Id.*) On August 2, 2013, Defendants filed a nonenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. sec. 1997e(a). (Doc. No. 9.) Defendants also moved to dismiss on the ground that the federal court lacks jurisdiction pursuant to *Heck v. Humphrey,* 512 U.S. 477, 483 (1994), because Plaintiff's excessive force allegations, if proven, would contradict Plaintiff's criminal conviction stemming from the same incident. (*Id.*) Finally, Defendants also moved to dismiss on the basis that Plaintiff's complaint is impermissibly vague. (*Id.*) On September 6, 2013, the Court provided Plaintiff with notice of the motion to dismiss for failure to exhaust pursuant to *Wyatt v. Terhune,* and set another deadline for Plaintiff to file an opposition no later than September 23, 2013. (Doc. No. 23.) Plaintiff did not file any opposition.

For the reasons set forth below, the Court **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's action for failure to exhaust administrative remedies be **GRANTED**.

## II. Background

Plaintiff alleges that on March 21, 2013 Corporal Sedey, Deputy Belay, Deputy Norie, Deputy Torres, Deputy Warren, and Corporal Saunders held him down and repeatedly kicked, tased, and punched him while he was handcuffed. (Doc. No. 7 at 3.) Through this use of excessive force, Plaintiff argues, his Eighth Amendment rights were violated. (*Id*.)

Plaintiff also alleges that on March 22, 2013 he was placed in segregated housing where he was denied showers and outside contact. (*Id.* at 4.) Moreover, Plaintiff alleges that on April 7, 2013, he was prevented from attending religious services. (*Id.* at 5.) As a result of these alleged deprivations, Plaintiff claims his Sixth and Eighth Amendment rights were violated. (*Id*.)

Defendants filed nonenumerated 12(b) motions to dismiss Plaintiff's complaint. (Doc. No. 12.) Defendants' nonenumerated 12(b) motions seek dismissal of Plaintiff's

action on the grounds that Plaintiff failed to exhaust all administrative remedies before filing suit. Defendants also filed motions to dismiss on the basis that the Court lacks jurisdiction over Plaintiff's claims, as well as that Plaintiff's claims are impermissibly vague. (*Id.* at 2-4.)

Defendants argue that, despite Plaintiff's claim that he exhausted all informal and formal relief from the proper County Sheriff's Department officials regarding the alleged Constitutional violations, he failed to provide documentation or describe how the relief was sought. (*Id.*) Thus, Defendants argue, Plaintiff's complaint fails to allege sufficient facts to show that he complied with the mandatory PLRA provisions. (*Id.*) Defendants' motion to dismiss on jurisdictional grounds argues that Plaintiff's excessive force claim is barred because he cannot collaterally attack his prior criminal conviction under the guise of a section 1983 lawsuit. (*Id.* at 3 (citing *Heck,* 512 U.S. at 483).) Lastly, Defendants argue that Plaintiff's claims are impermissibly vague, as they lack sufficient factual allegations to state claims. (*Id*. at 5.)

For the reasons set forth below, the Court recommends that the complaint be dismissed due to failure to exhaust, therefore the Court need not address the motions to dismiss made on other grounds.

### III. Discussion

#### A.  Legal Standards for Motion to Dismiss for Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 provides that:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are not required to specially plead or demonstrate exhaustion in complaints because failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The proper vehicle for challenging a complaint based on failure to exhaust administrative remedies is a nonenumerated motion under Rule 12(b) of the Federal Rules of Civil Procedure. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. If the district court concludes that the prisoner has failed to exhaust his or her administrative remedies, the claim should be dismissed without prejudice. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059, 1063 (9th Cir. 2007); *Wyatt*, 315 F.3d at 1120.

Failure to exhaust may not be waived. *See Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006) ("[e]xhaustion is no longer left to the discretion of the district court, but is mandatory"). The United States Supreme Court stated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. A prisoner also cannot satisfy the PLRA's exhaustion requirement by "filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 584 U.S. at 83-84. Nor can a prisoner who did not make any attempt to utilize the prison grievance system sidestep the exhaustion requirement by arguing that it now would be futile to attempt to exhaust within the prison system. *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2002) ("we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); *see also Woodford*, 584 U.S. at 100 ("if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court").

More recently, the Supreme Court clarified the exhaustion rule further, holding that it is the prisoner's observance of the state's regulations and procedures concerning its administrative appeals process, and not the PLRA itself, that determines whether a prisoner has *properly* exhausted administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). For this reason, the particulars of the California system are essential to
///

determine whether Plaintiff complied with those regulations and properly exhausted the claims he brings in this lawsuit.

**B.  The California System**

The administrative appeal system for California inmates is codified in Title 15 of the California Code of Regulations. Effective January 28, 2011, California's regulations concerning the administrative appeals process were updated and changed in some respects. CDCR now has a three-level appellate review process, and the informal level of review has been abolished. Cal. Code Regs. tit. 15, sections 3084.2, 3084.7 (2011). Inmates and parolees may "appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15 sec. 3084.1 (2011). The appeal must be submitted to the local institution's appeals coordinator within 30 calender days of the event or decision being appealed. Cal. Code Regs. tit. 15, sec. 3084.8(a) (2011). The appeals coordinator may cancel and reject an appeal within 30 calender days of the event or decision being appealed. Cal. Code Regs. tit. 15 sec. 3084.8(b). The appeals coordinator may also cancel and reject an appeal if the inmate fails to submit it within these time constraints. Cal. Code Regs. tit. 15, sec. 3084.6(c)(4) (2011).

An administrative appeal may only contain one issue or set of related issues. Cal. Code Regs. tit. 15, sec. 3084.2, 3084.2(a)(1) (2011). If an inmate adds an issue to the appeal that was not included when it was originally submitted, administrative remedies are deemed *not* exhausted as to that new issue that was not addressed by prison staff through *all* required levels of administrative review. Cal. Code Regs. tit. sec. 3084.1(b) (2011). The inmate is required to list all staff members involved and describe their involvement in the issue. Cal. Code Regs. tit. 15 sec.3084.2(a)(3) (2011). Appeals are to be initially submitted directly to the appeals coordinator at the inmate's institution for review and processing at the first and second levels of review. Cal. Code Regs. tit. 15, sec. 2084.7(a) (2011).

An inmate wishing to exhaust administrative remedies is required to complete three steps: (1) a first-level review by the institution's division head; (2) a second-level

review conducted by the institution head, no lower than Chief Deputy Warden, or his or her designee; and (3) the third-level review, conducted by the Office of Appeals, in Sacramento, California. Cal. Code Regs. tit. 15, sec. 3084.7 (2011). A decision by the Office of Appeals constitutes the Secretary's decision. The administrative process is completed, or exhausted, only after the inmate has complied with all prison grievance procedures, and received a decision from the Office of Appeals. Cal. Code Regs. tit. sec. 3084.7(c)(3) (2011); *Woodford*, 541 U.S. at 95-96. The administrative process must be completely exhausted before the inmate files his civil rights lawsuit. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006).

### C. **Plaintiff Failed to Exhaust His Claims before Filing This Lawsuit**

Plaintiff fails to provide any documentation of his efforts to exhaust all forms of administrative relief from the proper San Diego County Sheriff's Department officials or from the Office of Appeals in Sacramento. Despite indicating that he exhausted all forms of relief in his Complaint, Plaintiff has not substantiated it with any evidence. Plaintiff checked the "Yes" box in the form Complaint, yet he does not describe how or when the relief was sought. Likewise, he does not provide the results of his alleged requests for relief. Rather, Plaintiff alleges that he "need [sic] to amend Complaint, told to get a civil rights suit because [sic] of the excessive force cruel and unusual Eighth Amendment rights. (Complaint, sec. 2.) Defendants declare that they have no record of Plaintiff filing an administrative grievance, which would be needed to exhaust at the first level of review. Significantly, Plaintiff included lodgments in support of his First Amended Complaint. (Doc. No. 18.) One of the attached lodgments is a San Diego Sheriff's Department Grievance Report. (*Id.* at 20.) The attached report establishes that Plaintiff is aware of, and has successfully navigated, the grievance process while at George Bailey Detention Facility. In fact, Plaintiff did so on at least two occasions with respect to issues regarding his legal mail. (*Id.*) The attached grievance was made on July 27, 2013 and responded to on July 29, 2013. Thus, the fact that the Sheriff's Department has no record of Plaintiff filing any grievances concerning excessive force, placement in segregated housing or the denial of Plaintiff's right to attend religious services serves to

further indicate that Plaintiff did not file any grievances on the matters before the Court. Without any facts or evidence to indicate Plaintiff followed the required procedures and exhausted his claims prior to filing the action, the Court must recommend that Defendants' nonenumerated 12(b) motions be GRANTED because pursuant to the PLRA, exhaustion is mandatory.

### D. Conclusion

Having reviewed the matter, the undersigned Magistrate Judge recommends that Defendants' Motions to Dismiss be **GRANTED**.[2] Plaintiff's Complaint should be dismissed without prejudice and with leave to amend, but leave will only be allowed so long as Plaintiff establishes that he fully exhausted all administrative remedies with respect to his Sixth and Eighth Amendment rights.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. sec. 636(b)(1).

IT IS HEREBY ORDERED that no later than **November 8, 2013**, after receiving a copy of this Report and Recommendation, any party to this action may file written objections with the Court and serve a copy on all parties. The document shall be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties within 10 days of being served with the objections.

IT IS SO ORDERED.

DATED: October 8, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

---

[2] As noted above, Defendants also moved to dismiss on the basis that the excessive force claim is barred by *Heck v. Humphrey*, as well as for lacking sufficient facts to state a claim. The Court, however, need not address the merits of those arguments because Plaintiff's claims are dismissed for failure to exhaust all administrative remedies pursuant to the PLRA.