# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER,<br><br>Plaintiff,<br><br>vs.<br><br>SAN DIEGO CENTRAL JAIL; DOES; SAN DIEGO SHERIFFS, et al.,<br><br>Defendants. | Civil No. 13CV1133-WQH (BGS)<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR DEFAULT AS MOOT; (2) DENYING MOTION TO APPOINT COUNSEL AND (3) DENYING MOTIONS TO STAY AND FOR MONETARY RELIEF**<br><br>**[Doc. Nos. 11, 15, 17, 24]** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss the Complaint pursuant to FED.R.CIV.P. 12(b) and this Court issued a Report and Recommendation on October 8, 2013 to dismiss the case for failure to exhaust. (Doc. No. 24.) Currently before the Court are Plaintiff's motion: (1) for default judgment; (2) for appointment of counsel and (3) for a stay and for all monetary relief requested be granted. (Doc. Nos. 11, 15, 17, 24.)

### A. Motion for Default

On July 8, 2013, Plaintiff's Motion for Entry of Default was effectively filed. (Doc. No. 11.) Plaintiff provided no basis for his motion and in fact, stated that he had "no way to serve the defendants." (Doc. No. 11 at 2.) Prior to Plaintiff filign his motion

for default, however, Defendants the County of San Diego filed a motion to dismiss. (Doc. No. 9.) And on July 25, 2013, within the time allowed to file a responsive pleading, Defendants Torres, Hays and Saunders also filed a motion to dismiss. (Doc. No. 12.) Accordingly, Plaintiff's motion for default was premature and is moot. The motion for default judgment is **DENIED.**

### B.  Motion for Appointment of Counsel

Plaintiff also filed a motion for appointment of counsel. (Doc. No. 15.) Plaintiff specifically requested a "good civil rights" law firm or the contact information for the "Law Offices of Johny Cocdrin's in L.A. [sic]"  He seeks counsel to assist him in because his mail is delayed and he has back problems. (*Id.*)

The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id*. (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has thus far been able to articulate his claims. (Doc. No. 1, 7.) Furthermore, it does not appear that the legal issues involved are complex. *See Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (noting that, "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Moreover, it does not appear that Plaintiff has a likelihood of succes son the

merits because the Court already recommended that the claims be dismissed for failing to exhaust the required administrative procedures prior to filing. (Doc. No. 24.)

The Court **DENIES** Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### C.  Motions to Stay and for Monetary Relief

Plaintiff filed two motions to stay with additional motions for the court to grant his request for all monetary relief. (Doc. Nos. 17, 20.) Plaintiff's basis for requesting a stay is that he is incarcerated and has a "monetary problem." (Doc. No. 17 at 1.) Plaintiff further requested that all relief sought in his First Amended Complaint be granted due to defendants failure to answer the complaint. (*Id*. at 2.) In the subsequent motion for stay, Plaintiff reiterates that he needs a stay because he is incarcerated and lacks money. (Doc. No. 20 at 3.) Plaintiff also states he needs a stay because he has a conflict of interest with the County of San Diego. (*Id*.)

The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of establishing its need." *Id.* at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir.1972) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962)). In considering a stay order, the court should "balance the length of any stay against the strength of the justification given for it." *Young v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir.2000).

///

1 | The Court finds that Plaintiff has not met his burden of showing that a stay of this action is necessary. The Court reviewed Plaintiff's First Amended Complaint and Defendants' motions to dismiss and recommended that the complaint be dismissed without prejudice for failure to exhaust his claims before filing suit. (Doc. No. 24.) In any event, granting a stay at this time will delay the case unnecessarily, especially given the Court's recommendation that Plaintiff's complaint be dismissed without prejudice. Moreover, it is not likely that a stay will simplify the issues in the case or resolve any questions of law.  For the reasons stated, the Court **DENIES** the motion to stay.

The Court further denies Plaintiff's requests for monetary relief for the same reasons addressed in the Report and Recommendation. (*See* Doc. No. 24.)

**IT IS SO ORDERED.**

DATED: November 19, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court