# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>SAN DIEGO CENTRAL JAIL; CORPORAL SAUNDERS; DEPUTY TORRES; SAN DIEGO COUNTY SHERIFFS,<br><br>　　　　　　　　Defendants. | Civil No. 13cv1133-WQH<br><br>ORDER |

HAYES, Judge:

　　The matters before the Court are the Motion for Reconsideration (ECF No. 39) and the Motion for Mandatory Settlement Conference and Trial Date (ECF No. 43), both filed by Plaintiff David B. Turner, Jr.

## BACKGROUND

　　On May 10, 2013, Plaintiff David B. Turner, proceeding pro se, filed a complaint against Defendants pursuant to 42 U.S.C. § 1983, alleging constitutional claims for actions which occurred on March 21, 2013, March 22, 2013 and April 7, 2013, while Plaintiff was incarcerated at San Diego Central Jail. (ECF No. 1). Plaintiff alleges claims for excessive force, deliberate indifference to his medical needs, and denial of his right to religious services. *Id.* On June 25, 2013, Plaintiff filed the First Amended Complaint, which is the operative pleading. (ECF No. 7). On July 3, 2013, Defendant San Diego Central Jail filed a motion to dismiss for failure to exhaust administrative remedies. (ECF No. 9). On July 25, 2013, Defendants Scott Torres, Mark Hays, and

Michael Saunders filed a Motion to Dismiss the complaint for failure to exhaust administrative remedies. (ECF No. 12).

On October 8, 2013, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants' motions to dismiss be granted. (ECF No. 24). The Magistrate Judge recommended: "Without any facts or evidence to indicate Plaintiff followed the required procedures and exhausted his claims prior to filing the action, Defendants' nonenumerated 12(b) motions be GRANTED because pursuant to the [Prison Litigation Reform Act of 1995], exhaustion is mandatory." (ECF No. 24 at 7). The Magistrate Judge ordered that Plaintiff file any objections to the Report and Recommendation by November 8, 2013. *Id*. The docket reveals that Plaintiff failed to file any objections by the November 8, 2013 deadline.

On December 5, 2013, this Court adopted the Report and Recommendation in its entirety and ordered that Defendants' motions to dismiss (ECF Nos. 9 and 12) were granted and this action was dismissed without prejudice. (ECF No. 28).

In a pleading filed on December 6, 2013, Plaintiff stated that he never received a copy of the Report and Recommendation. (ECF No. 31). The Court subsequently ordered that the Clerk of the Court mail Plaintiff a copy of the Report and Recommendation and allowed the Plaintiff to file written objections to the Report and Recommendation no later than January 15, 2014. (ECF No. 32).

On December 23, 2013, Plaintiff filed Objections and lodgments in support of the Objections to the Report and Recommendation. (ECF No. 33). On January 27, 2014, Defendants filed a Response to Plaintiff's Objections to the Report and Recommendation. (ECF No. 35).

On February 4, 2014, after considering Plaintiff's Objections and conducting a *de novo* review, the Court adopted the Report and Recommendation in its entirety and granted Defendants' Motions to Dismiss (ECF Nos. 9 and 12) without prejudice. (ECF No. 37). The Court concluded that there were no facts or evidence in the record to suggest that Plaintiff followed the required grievance procedures and exhausted his

claims before he filed the action in this Court. *Id*. at 3. The Court dismissed the action without prejudice and closed the case.

On February 19, 2014, Plaintiff filed a Motion to Reinstate and Motion for Reconsideration regarding the Court's order on February 4, 2014 adopting the Report and Recommendation in its entirety and granting Defendants' motions to dismiss without prejudice. (ECF No. 39). Plaintiff contends that, "pursuant to *Jones v. Bock*, 549 U.S. 199 (2007), [he was] not required to exhaust state judicial or administrative remedies prior to commencing an action under 42 U.S.C. § 1983." *Id*. at 1. Plaintiff contends that, "... only in cases with respect to prison conditions is exhaustion mandatory under § 1983 ... [and] Plaintiff's case is not about prison conditions." *Id*. at 2.

On March 10, 2014, Defendant San Diego Central Jail filed an opposition to Plaintiff's Motion For Reconsideration. (ECF No. 41). Defendant contends that none of the cases cited in Plaintiff's moving papers applied to the issue before the Court. *Id*. at 3. Defendant contends that, "while the *Bock* court held that inmates are not required to specially plead or to demonstrate exhaustion in their complaints, they nevertheless are required to prove they exhausted all available jail administrative remedies to overcome the affirmative defense of a failure to exhaust in order avoid a summary dismissal." *Id*. at 3.

On March 21, 2014, Plaintiff filed a Memorandum of Points and Authorities in Support of Reinstatement and Reconsideration. (ECF No. 45). Plaintiff also filed a Motion for Mandatory Settlement Conference and Trial Date, requesting the Court to set a mandatary settlement conference and trial date, pursuant to Civil Rule 7.1(b)(e) and Civil Rule 7.1(e)(1). (ECF No. 43).

## DISCUSSION

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum*

1  *Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  "[A] motion for reconsideration
2  should not be granted, absent highly unusual circumstances, unless the district court is
3  presented with newly discovered evidence, committed clear error, or if there is an
4  intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos
5  Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St.
6  Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

7        Plaintiff contends that he was not required to exhaust state judicial or
8  administrative remedies prior to commencing an action under 42 U.S.C. § 1983
9  pursuant to *Jones v. Bock*. Prisoners, such as Plaintiff, are required to exhaust all
10 administrative remedies as "[n]o action shall be brought with respect to prison
11 conditions under section 1983 of this title, or any other Federal law, by a prisoner
12 confined in any jail, prison, or other correctional facility until such administrative
13 remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

14       Plaintiff contends in his Memorandum of Points and Authorities in Support of
15 Reconsideration, that, "moving facilities [from the San Diego Central Jail] prevented
16 him from seeking his administrative remedies," violating his rights under 42 U.S.C. §
17 1983. (ECF No. 45 at 3). Plaintiff failed to raise this argument in either his Objections
18 to the Report and Recommendation (ECF No. 33) or his initial Motion for
19 Consideration (ECF No. 39). Plaintiff "may not use [this] motion for reconsideration
20 to raise arguments or present evidence for the first time when they could have been
21 raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

22       The Court concludes that Plaintiff's Motion for Reconsideration does not present
23 the Court with newly discovered evidence, does not establish that the Court committed
24 clear error, and does not establish an intervening change in the law. *Marlyn
25 Natraceuticals, Inc.*, 571 F.3d at 880. The Motion for Reconsideration is DENIED.
26 ///
27 ///
28 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Reconsideration filed by Plaintiff David B. Turner, Jr. (ECF No. 39) is DENIED.

IT IS FURTHER ORDERED that the Motion for Mandatory Settlement Conference and Trial Date (ECF No. 43) is DENIED as moot.

DATED: April 30, 2014

**WILLIAM Q. HAYES**
United States District Judge