# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER,<br><br>                Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO,<br><br>                Defendants. | CASE NO. 13cv1133-WQH-BGS<br><br>ORDER |

HAYES, Judge:

Plaintiff is proceeding without counsel in this civil action, with the Second Amended Complaint filed pursuant to 42 U.S.C § 1983, sections 815.6, 820, and 844.6 of the California Government Code, and the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 55). Plaintiff alleges he was subject to excessive force by San Diego County Sheriff's Deputies at the San Diego County Central Jail on March 21, 2013. Plaintiff's only remaining claim in this action is for excessive force, as to Defendants Seeley, Balay, Torres, Warren, Norie, and Saunders. (ECF No. 104 at 21).

**I. Procedural History**

On January 19, 2016, the Court adopted in part and not adopted in part the Report and Recommendation of Magistrate Judge Bernard G. Skomal. (ECF No. 104). In the Order, the Court granted Defendants' Motion for Summary Judgment as to Plaintiff's Second and Third claims, as well as all claims against San Diego County. *Id.* at 21. The Court denied Defendants' Motion for Summary Judgment regarding Plaintiff's

First Claim of excessive force as to Defendants Seeley, Balay, Torres, Warren, Norie, and Saunders. *Id.* The Court denied Defendants' Motion for Summary Judgment regarding qualified immunity for Plaintiff's First Claim of excessive force as to Defendants Seeley, Balay, Torres, Warren, Norie, and Saunders. *Id.*

On August 3, 2016, the Court issued a Scheduling Order setting a trial date, and setting deadlines for motions *in limine*, trial memos, proposed jury instructions, proposed verdict forms, any proposed jury voir dire questions, and a joint statement of the case. (ECF No. 126). On August 22, 2016, Defendants filed two Motions *in limine*. (ECF Nos. 128, 129). On September 2, 2016, Defendants filed Proposed Voir Dire, Proposed Special Verdict Form, Proposed Jury Instructions, Trial Brief, and Defendants' Proposed Joint Statement of the Case. (ECF Nos. 132, 133, 134, 135, 136). On October 4, 2016, the Court held a status hearing, and the Court set a motion *in limine* hearing for November 14, 2016. (ECF No. 138).

On October 31, 2016, the Court issued an order vacating the motion *in limine* hearing date and trial date. (ECF No. 141). On November 22, 2016, the Court issued an order appointing Pro Bono Counsel for Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 143). On December 15, 2016, the Court issued an order granting substitution of attorney for Plaintiff. (ECF No. 144).

On February 7, 2017, the Court issued an order granting in part and denying in part Plaintiff's motion to reopen discovery. (ECF No. 154). The Court denied Plaintiff's request to reopen discovery, but the Court granted Plaintiff's request to extend the date for Plaintiff to file dispositive motions and ordered that it would extend the deadline for both parties to file motions *in limine*, trial memos, proposed jury instructions, proposed verdict forms, proposed jury voir dire questions and to file any joint statement of the case. *Id.* at 7. On March 23, 2017, the Court granted the motion for Plaintiff's former Pro Bono Counsel to withdraw as attorney of record in this case. (ECF No. 158).

**II. Appointment of Counsel**

1         While there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

        Applying these standards to this case, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has located volunteer pro bono counsel, attorney David W. Beaudreau, for purposes of representing Plaintiff under the provisions of this Court's "Plan of the United States District Court for the Southern District of California for the Representation of *Pro se* Litigants in Civil Cases" and General Order 596. The Plan specifically provides for appointment of pro bono counsel "as a matter of course in each prisoner civil rights case where summary judgment has been denied." *Id.* In this case, while Plaintiff is not a prisoner, he is proceeding to trial as an unassisted layperson just as he would if summary judgment had been denied. Therefore, the Court concludes that the ends of justice would be served by the appointment of pro bono counsel under the circumstances. *See* 28 U.S.C. § 1915(e)(1); S.D. Cal. Gen. Order 596.

**III. Conclusion and Order**

        Pursuant to S.D. Cal. CivLR 83.3(f)(2), Pro Bono Counsel shall file, within fourteen (14) days of this Order if possible, a formal written Notice of Substitution of Attorney signed by both Plaintiff and his newly appointed counsel. After the Court signs the Consent Order Granting Substitution of Attorney, Pro Bono Counsel shall thereafter be considered attorney of record for Plaintiff for all purposes during further proceedings before this Court, in this matter only, and at the Court's specific request. *See* S.D. Cal. CivLR 83.3(f)(1), (2).

        The Court further DIRECTS the Clerk of the Court to send David W. Beaudreau

a copy of this Order via email at DWB@KurtDavidHermansen.com, and serve David W. Beaudreau with a copy of this order upon filing at the following address: Law Office of Kurt David Hermansen; 550 West C Street, Suite 580; San Diego, CA 92101. *See* S.D. Cal. CivLR 83.3(f)(2).

DATED: April 11, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge