# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER,<br><br>                         Plaintiff,<br>  vs.<br>SAN DIEGO CENTRAL JAIL;<br>CORPORAL SAUNDERS; DEPUTY<br>TORRES; SAN DIEGO COUNTY<br>SHERIFFS,<br><br>                        Defendant. | Civil No. 13-cv-1133-WQH-BGS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Partial Summary Judgment filed by Defendants. (ECF No. 168).

## I. BACKGROUND

On June 13, 2014, Plaintiff filed a Second Amended Complaint alleging three counts of constitutional violations. (ECF No. 55). The Second Amended Complaint is the operative complaint in this matter.

On August 17, 2015, Defendants filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 78). On October 5, 2015, Plaintiff filed his opposition. (ECF No. 83). On November 18, 2015, the Magistrate Judge issued the Report and Recommendation, recommending that Defendants' Motion for Summary Judgment be granted in part and denied in part. (ECF No. 93). On January 19, 2016, the Court issued an order granting in part and denying in part Defendants'

Motion for Summary Judgment (the "January 2016 Order"). (ECF No. 104). The January 2016 Order dismissed Plaintiff's Second and Third Claims, as well as all claims against San Diego County. *Id.*

The January 2016 Order denied Defendants' Motion for Summary Judgment on Plaintiff's excessive force claim against all Defendants except San Diego County. *Id.* The Court explained:

> Plaintiff's description of the altercation, however, is that he was "held down" and "repeatedly" "tased" and "kicked." Plaintiff also contends that he had already been restrained "in handcuffs" when Defendant Saunders "walked in the holding cell, and began punching and kicking [Plaintiff] in his head or right eye." At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party. Based on the contradictory testimony, the Court finds that genuine issues of material fact exist as to the threat reasonably perceived by Defendants when they employed force against Plaintiff.

*Id.* at 15.

On June 27, 2017, Defendants filed a Motion for a Partial Summary Judgment that:

> 1. No claim can be stated by Plaintiff for injuries allegedly sustained on March 20, 2013, the day before the incident at issue in this action, and no evidence pertaining to events occurring on March 20, 2013 shall be proffered in this action.
> 2. The only claim in this action is whether each defendant used excessive force on Plaintiff during their struggle with him on March 21, 2013.

(ECF No. 168 at 1). On July 13, 2017, Plaintiff filed a Response in Opposition to Defendants' Motion for Partial Summary Judgment. (ECF 169). On July 24, 2017, Defendants filed a Reply to Plaintiff's Response. (ECF 170).

## II. FACTS

Plaintiff arrived at the San Diego Central Jail ("Central Jail") at 6:00 a.m. on March 20, 2013, after being arrested on charges of being under the influence of a controlled substance. (ECF No. 78-2 at 6). The medical examiner at Central Jail determined that Plaintiff could not complete the booking process until he was no

longer under the influence of what was believed to be a controlled substance. *Id.* Plaintiff resumed the booking process that afternoon. (ECF No. 78-1 at 9).

On March 21, 2017, an altercation involving Plaintiff and Defendants occurred at Central Jail. (ECF No. 168-1 at 2). Plaintiff was charged with violating California Penal Code § 69 for his conduct during the altercation. (ECF No. 78-2 at 62-63). California Penal Code § 69 provides that it is a crime to "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or [to] resist[], by the use of force or violence, the officer, in the performance of his or her duty." The Criminal Complaint stated that

> On or about March 21, 2013, DAVID BRYAN TURNER did unlawfully attempt by means of threats and violence to deter and prevent another who was then and there an executive officer from performing a duty imposed upon such officer by law, and did knowingly resist by the use of force and violence said executive officer in the performance of his/her duty, in violation of PENAL CODE SECTION 69.

(ECF No. 168-3 at 58). Plaintiff pled guilty to the criminal charges brought against him, admitting that he "did unlawfully prevent an officer from performing his duty by means of threats and violence." (ECF No. 78-2 at 91).

### III. STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### IV. ANALYSIS

**A. Events of March 20, 2013**

Defendants moved this Court for a summary judgment that "The only claim in this action is whether each defendant used excessive force on Plaintiff during their

- 3 -

13-cv-1133-WQH

struggle with him on March 21, 2013." (ECF No. 168 at 1). Plaintiff states that he "is not pursuing any claims arising from March 20, 2013." (ECF No. 169 at 3). No claim has been or can be stated by Plaintiff for injuries allegedly sustained on March 20, 2013.[1]

**B. Events of March 21, 2013**

    **1. Applicable Law**

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court stated that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

In *Hooper v. County of San Diego*, 629 F.3d 1127 (2011), the Court of Appeals applied the rule stated in *Heck* to plaintiff Hooper's § 1983 claim. Hooper was arrested for possession of methamphetamine. *Id*. at 1129. Hooper resisted the officers attempt to arrest her, then "stopped resisting." *Id.* Hooper alleged that the officer's "department issue canine" bit her twice in the head after she had stopped resisting. *Id*. Hooper pled guilty to "willfully resist[], delay[], or obstruct[] any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment" in violation of violating California Penal Code § 148(a)(1). *Id*. at 1130. The Court of Appeals found that Hooper's § 1983 claim was not barred by *Heck* because "[a] holding in Hooper's § 1983 case that the use of the dog was excessive force would not 'negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it.'" *Id*. at 1133 (alteration in original) (quoting *Yount v. City of Sacramento*, 183 P.3d 471, 482 (2008)).

---

[1] The admissibility of evidence pertaining to the events of March 20, 2013 is the subject of Defendants' Second Motion in Limine (ECF No. 171). The Court declines to address this issue at this time.

## 2. Contentions of the Parties

Defendants contend that Plaintiff has pled guilty to violently resisting the Defendants during the March 21, 2013 altercation. (ECF No. 170 at 3). Defendants contend that "Plaintiff's claim for excessive force is precluded unless he can establish that the force he alleges was used on him was applied after he re-entered the cell, was handcuffed, and ceased resisting." (ECF No. 168-1 at 6).

Plaintiff contends that "he did not plead guilty to forcefully resisting an officer." (ECF No. 169 at 4). Plaintiff further contends that, "Even if [he] had pleaded guilty to forcefully resisting officers, *Heck* still would not preclude his § 1983 excessive force claim or require him to prove that excessive force was used after he stopped resisting." *Id.* at 6. Plaintiff contends that

> "His [guilty] plea could be based on resisting the initial force Defendants used to hold him down. Under *Hooper*, a § 1983 claim based on subsequent punches, kicks, and taser deployments would not invalidate [Plaintiff]'s California Penal Code § 69 conviction, even if [Plaintiff] continued resisting throughout the altercation."

*Id.* at 8-9.

## 3. Analysis

Based on the March 21, 2013 altercation, Plaintiff was charged with "unlawfully attempt[ing] by means of threats and violence to deter and prevent . . . an executive officer from performing [his/her] duty . . . and . . . knowingly resist[ing] by the use of force and violence said executive officer in the performance of his/her duty." (ECF No. 168-3 at 58). Plaintiff pled guilty and stated that he "did unlawfully prevent an officer from performing his duty by means of threats and violence." (ECF No. 78-2 at 91). Plaintiff has pled guilty to using violence to resist Defendants during the March 21, 2017 altercation.

In *Heck v. Humphrey*, the United States Supreme Court stated that a state prisoner's § 1983 claims must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." 512 U.S. 477, 487 (1994).

In *Hooper v. County of San Diego*, the Court of Appeals did not dismiss Hooper's excessive force claim based on the use of the police dog because a finding "that the use of the dog was excessive force would not 'negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of [Hooper's] attempt to resist it.'" 629 F.3d 1127, 1133 (2011) (alteration in original) (quoting *Yount v. City of Sacramento*, 183 P.3d 471, 482 (Cal. 2008)).

Plaintiff's description of the altercation includes: (1) the force Defendants Seeley, Belay, Norie, Torres, and Warren used to "h[o]ld [Plaintiff] down," (2) the force used when Plaintiff "was being tased repeatedly and kicked repeatedly," and (3) the force used by Defendant Saunders when Plaintiff was handcuffed. (ECF No. 55 at 3).

Plaintiff pled guilty to violating California Penal Code § 69 by "unlawfully prevent[ing] an officer from performing his duty by means of threats and violence." (ECF No. 168-3 at 64). California Penal Code § 69 has two basic elements: (1) the guilty party must attempt to deter or resist an officer (2) in the performance of his or her duty. Plaintiff's conviction is valid if based solely on his resistance to the force Defendants Seeley, Belay, Norie, Torres, and Warren used to hold him down. By resisting that use of force, Plaintiff resisted several officers in the performance of their duties.

*Heck* prevents Plaintiff from bringing claims that "would necessarily imply the invalidity of his conviction." 512 U.S. at 487. Defendant contends that *Heck* bars Plaintiff from bringing claims based on force that was used before he ceased resisting. However, a judgment in Plaintiff's favor based on the second use of force identified in the complaint (the force used while he was held down and being kicked and tased repeatedly) would not necessarily imply the invalidity of his conviction, even if Plaintiff resisted that use of force; Plaintiff's conviction would still be valid based on his

resistance to the force used to hold him down.[2] A finding that kicking and tasing Plaintiff repeatedly constituted excessive force would not "negate the lawfulness of the initial [force used], or negate the unlawfulness of [Plaintiff's] attempt to resist it." *Hooper v. County of San Diego*, 629 F.3d 1127, 1133 (2011) (quoting *Yount v. City of Sacramento*, 183 P.3d 471, 482 (Cal. 2008)). Therefore, *Heck* does not require Plaintiff to "establish that the force he alleges was used on him was applied after he re-entered the cell, was handcuffed, and ceased resisting" in order to succeed on his § 1983 claim. (ECF No. 168-1 at 6).

**V. CONCLUSION**

IT IS HEREBY ORDERED that the motion for partial summary judgment filed by Defendants (ECF No. 168) is GRANTED IN PART AND DENIED IN PART. The Court GRANTS Defendants' motion for a partial summary judgment that no claim can be stated by Plaintiff for injuries allegedly sustained on March 20, 2013. The Court DENIES Defendants' motion for a partial summary judgment that Plaintiff must prove he had ceased resisting at the time that Defendants used excessive force against him in order to succeed on his § 1983 claim.

DATED: September 28, 2017

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[2] To recover on his excessive force claim, Plaintiff will have to prove that the force used was, in fact, excessive, and consequently that the officer who used it did not do so while performing his duty. *See Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) ("Excessive force used by a police officer at the time of the arrest is not within the performance of the officer's duty.").